OPINION
{¶ 1} This matter comes before the court upon David W. Todd's appeal of the Montgomery County Common Pleas Court's denial of his Petition and Request for a hearing seeking an order that he is no longer a sexual predator.
 {¶ 2} On June 12, 2008, Todd's court-appointed appellate counsel filed a brief *Page 2 
pursuant to Anders v. California (1967), 386 U.S. 738, asserting the absence of any meritorious issues for our review. After counsel filed the Anders brief, we issued an order granting Todd sixty days to file a pro se brief assigning any errors for our review. The sixty-day period has expired, and Jones has not responded.
 {¶ 3} Pursuant to Anders, we are required to conduct a full examination of all proceedings and to appoint new counsel to assist Todd if we find any issues for review that are not wholly frivolous.Anders, 386 U.S. at 744; see also Penson v. Ohio (1988), 488 U.S. 75,76. After reviewing the record in this case, we have not found any such issue. Therefore, we will affirm the judgment of the trial court.
 {¶ 4} In 1997 Todd pled no contest to a charge of gross sexual imposition. After a hearing, the trial court found that he was a sexually-oriented offender and designated him a sexual predator. In October 2007, Todd filed a petition that asked the court to remove the sexual predator designation pursuant to former R.C. 2950.09(D)(1) (repealed January 1, 2008). The court refused because it found that this subsection applied only to an offender who was a minor or a delinquent child at the time of the offense; Todd was neither. He appealed.
 {¶ 5} Todd's counsel, in his Anders brief, concludes, like the trial court, that the statute does not provide offenders like Todd with a mechanism to petition a court for reclassification. After reviewing the record, we agree with appointed counsel. Indeed, R.C. 2950.09(D)(2) expressly excludes adult sexual predators like Todd from seeking reclassification: "the classification or adjudication of the offender as a sexual predator is permanent and continues in effect until the offender's death and in no case shall the classification or adjudication be removed or terminated." Thus, the trial court was right *Page 3 
to reject Todd's petition.
 {¶ 6} Yet, though the door to reclassification is closed, a window to partial relief has opened. On January 1, 2008, a large-scale revision of Ohio's Sex Offender Registration and Notification Law went into effect. Newly enacted R.C. 2950.15 permits a sexually-oriented offender to petition a court to terminate his duty to comply with sex registration laws. It appears that Todd could file a petition under this statute.
 {¶ 7} We find no arguable merit in Todd's assertions based on former R.C. 2950.09. The decision of the trial court is Affirmed.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Carley J. Ingram
C. Douglas Copley
David W. Todd
 Hon. Timothy N. O'Connell *Page 1